UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Court File No. 01-355 (RHK/JMM)

BMB,

Plaintiff,

vs.

State Farm Fire & Casualty Company,

Defendant.

---

**STIPULATION AND ORDER FOR CONFIDENTIALITY**

WHEREAS, in the course of discovery in the above-captioned civil action, it may be necessary for the parties to disclose confidential business and personal information to opposing counsel, expert witnesses and opposing parties;

NOW, THEREFORE, the parties hereto, by and through their undersigned counsel, and to expedite the flow of discovery material in this litigation, to adequately protect material that the parties agree should be kept confidential, and to ensure that protection is afforded only to material so entitled, enter into this Confidentiality Agreement.

1. The parties agree that this Confidentiality Agreement shall govern the handling of all documents, testimony and other information designated as "CONFIDENTIAL" as described herein, including all copies, excerpts and summaries thereof (collectively "material"), that are produced, given, or filed during discovery and other proceedings in this action.

2. The provisions of this Confidentiality Agreement shall apply to (i) the parties to this action whose counsel have executed this Agreement, including any and all of said



FILED OCT 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

parties' agents, heirs, representatives, employees, successors and assigns' and (ii) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Confidentiality Agreement. As used herein, "person" includes the named parties to this action, including any and all of said parties' agents, heirs, representatives, employees, successors and assigns, and all others who have agreed to be bound by this Confidentiality Agreement.

3. In designating materials as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party in good faith believes contain or reflect sensitive personal, competitive, commercial, financial, or proprietary information used by it in, or pertaining to, its business which is not generally known and which that party, to the date of production, would normally not reveal to third parties or would cause third parties to maintain in confidence, or materials that a party believes in good faith contain sensitive business or personal information that would not ordinarily be revealed to third parties. Confidential material does not include, however, documents, materials, records, things or information which are in the public domain, a matter of public record, obtained or available from a source other than the parties in this case, or obtained by any party before the date of this Stipulated Protective Order, whether or not any party has designated them as "confidential."

4. Confidential material shall be subject to the following restrictions:

(a) Confidential material shall be used only for the purpose of this litigation (including appeals) and not for any other litigation or proceeding or for any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such

material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential material shall be disclosed, subject to the terms of this Confidentiality Agreement, for the purposes set forth above, only to:

(i) the parties to this action whose counsel have executed this Confidentiality Agreement and/or employees or former employees of such parties who need access to confidential material for the purpose articulated in paragraph 4(a), above;

(ii) counsel of record for the parties who have agreed to be bound by this Confidentiality Agreement and employees of counsel;

(iii) insurers of the parties who have agreed to be bound by this Confidentiality Agreement or counsel for or representatives of such insurers;

(iv) the Court, including court reporters, stenographic reporters and court personnel pursuant to the terms hereof and under seal until just cause is shown and ordered;

(v) experts retained by the parties who have agreed to be bound by this Confidentiality Agreement; and

(vi) any other person as to whom the producing person agrees in writing.

(c) All pleadings or other court filings which incorporate or disclose confidential material shall be labeled "CONFIDENTIAL," "Subject to Confidentiality Agreement," or labeled with such similar designation, and filed under seal in accordance with the Court's rules and shall remain under seal until just cause is shown and the Court otherwise orders.

(d) Any disclosure of confidential material at trial or in any other court proceeding herein shall be made pursuant to the Court's in camera procedures, and upon a finding of just cause, unless the Court orders otherwise.

(e) Notwithstanding any of the foregoing provisions, this Confidentiality Agreement has no effect upon, and its scope shall not extend to, any person's use of its own confidential material.

5. Each person given access to confidential material pursuant to the terms hereof (other than persons described in paragraphs 4(b)(ii) and 4(b)(iv) above) shall be advised that (i) the confidential material is being disclosed pursuant to and subject to the terms of this Confidentiality Agreement and may not be disclosed other than pursuant to the terms hereof and (ii) that the violation of the terms of this Confidentiality Agreement (by use of the confidential material for business purposes or in any other impermissible manner) may constitute contempt of a court order. Before any person (other than persons described in paragraphs 4(b)(ii) and 4(b)(iv) above) is given access to confidential material, that person must also execute the annexed certificate.

6. Confidential material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on all pages of any such document prior to production.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains confidential material.

(c) In the case of depositions, if a response to a question will include information of the type identified in paragraph 3 above, then the deponent or any party may require that all persons not subject to the restrictions contained in this Confidentiality Agreement leave the deposition until after

the deponent has responded to the question. Any deponent or party may, no later than seventy-two (72) hours after receipt of a deposition transcript, designate by providing notice in writing to the other parties all or any portion thereof as "CONFIDENTIAL" under the terms of this Confidentiality Agreement. Prior to expiration of this seventy-two (72) hour period, all transcripts and the information contained therein, in whatever form, will be deemed to be "Confidential" under the terms of this Confidentiality Agreement. All copies of deposition transcripts that contain confidential matter shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal and shall remain under seal until just cause is shown and the Court otherwise orders.

(d) All briefs, pleadings or other filings with the Court that incorporate or disclose confidential material shall be appropriately labeled on the cover page and filed under seal according to the Court's in camera procedures and shall remain under seal until just cause is shown and the Court otherwise orders.

7. (a) No party concedes that any material designated by any other person as confidential material does in fact contain or reflect trade secrets, proprietary or confidential information or has been properly designated as confidential material. Any party may at any time, on reasonable notice, move for relief from the provisions of this Confidentiality Agreement with respect to specific material. In addition, the parties may agree in writing or on the record to necessary modifications of this Confidentiality Agreement.

(b) A party shall not be obligated to challenge the propriety of the designation of material as confidential material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith or an expedited and informal basis before any disclosure of the subject information. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice and before any disclosure of the information, apply for appropriate ruling(s) from the Court. The material in issue shall continue to be treated as CONFIDENTIAL pursuant to this Agreement unless and until the Court orders otherwise.

8. This Confidentiality Agreement, insofar as it restricts the communication and use of confidential material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. At the conclusion of this action, all confidential material shall be returned promptly to the producing person or destroyed except that counsel for the parties need not destroy or return any confidential material that became a part of the court record in this action (by use as trial exhibits, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

9. Any material which was possessed by a receiving party prior to its disclosure by the producing party or comes within the possession of such other party through means not constituting a breach of this Confidentiality Agreement need not be treated as confidential material under the terms of this Agreement.

10. This Confidentiality Agreement shall be fully binding upon each of the parties listed below upon execution hereof by that party's attorney.

Dated: 9/28, 2001

MURNANE, CONLIN, WHITE & BRANDT
A Professional Association

By: [signature]
C. Todd Koebele #17287X
Michelle D. Christensen #23476X
Attorneys for Defendant
444 Cedar St., Suite 1800
St. Paul, MN 55101
(651) 227-9411

Dated: September 27, 2001

LINDQUIST AND VENNUM PLLP

By: [signature]
Robert Hennessey #44118
Attorneys for Plaintiff
4200 IDS CENTER
80 South 8TH St.
Minneapolis, MN 55402
(612) 371-3211

**ORDER**

**HAVING DULY CONSIDERED** the foregoing Stipulation of Confidentiality agreed to and signed by the parties to this action,

**IT IS HEREBY ORDERED** that the above shall constitute the terms of the Confidentiality Order in this matter.

Dated: 10/9/01

BY THE COURT:

[signature]
John M. Mason
United States Magistrate Judge
District of Minnesota

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.