UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BMB,

Plaintiff,

v.

STATE FARM FIRE &
CASUALTY COMPANY,

Defendant.

CIVIL NO. 01-355 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on March 18, 2002 upon Plaintiff's Motion For an Evidentiary Hearing on Spoliation of Evidence [Docket No. 38]. Robert J. Hennessey, Esq. appeared on behalf of Plaintiff; C. Todd Koebele, Esq. appeared on behalf of Defendant. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion For an Evidentiary Hearing on Spoliation of Evidence [Docket No. 38] is denied.

Dated: March 19, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Plaintiff's Notice of Motion states that the Motion seeks "an order setting an evidentiary hearing to establish the record regarding spoliation of evidence and to determine whether sanctions should be ordered against Defendant." We conclude that Plaintiff has not established the basis for ordering an evidentiary hearing. To the extent

FILED MAR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

that Plaintiff desires that the Court impose sanctions upon Defendant by reason of any alleged spoliation of evidence, the procedure for obtaining that relief is governed by the Rules of Civil Procedure and the Local Rules of this Court, as with any other Motion, namely, serve a Motion seeking such relief, supported by Affidavits to the extent factual disputes are presented. See Rule 7(b)(1) of the Federal Rules of Civil Procedure, and Local Rule 7.1(b)(2)(A).

There is a presumption under the Local Rules that Motions for a Preliminary Injunction and other dispositive motions will be determined on the written pleadings of the parties. See 1999 Advisory Committee's Notes ("Rule 7.1(b)(2) specifically contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in conjunction with the initial motion and the responding party's memorandum of law."). It is not to be expected that a more elaborate procedure would be adopted for the hearing of non-dispositive motions. Regardless of the nature of the sanctions which Plaintiff may seek, it would be the unusual case in which the Court would hold an evidentiary hearing to consider the merits. Even Motions for a Preliminary Injunction are heard on an informal basis. E.g. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

Plaintiff has supplied no factual support nor any legal argument for the holding of an evidentiary hearing at this time. But we need not even reach that question in the procedural circumstance presently before the Court, because Plaintiff has not even made a Motion for sanctions, it has made a Motion for an Evidentiary Hearing. Courts do not hold evidentiary hearings in the abstract.

The Memorandum submitted by Plaintiff made many arguments which seemed to have to do with the question of whether sanctions should be imposed, and not with the question of whether a hearing should be held, even though that was the subject of the Motion.[1] One section of the Memorandum (captioned "V. The Appropriate Sanctions for Destruction of Documents Should be Determined Once the Evidentiary Record is Established") suggested that it might consider that topic, but in fact it did not address the issue. Instead, three paragraphs explain the sanctions which may be imposed, followed by this conclusory assertion:

> "Plaintiff requests an evidentiary hearing before the Court to develop a record of State Farm's destruction of evidence. An order detailing the specific subjects and witnesses for the evidentiary hearing is attached."[2]

---

1

Plaintiff's initial Memorandum had these topic headings:

I. State Farm Willfully Destroyed Documents That Were Relevant to Pending and Reasonably Foreseeable Litigation
II. There is No Evidence that the Destroyed Documents were Destroyed Pursuant to State Farm's Document Retention Policy
III. Even if Documents were Destroyed Pursuant to a Document Retention Policy, the Destruction Was Illegal
IV. Plaintiff Will Be Prejudiced By State Farm's Destruction of Evidence

Plaintiff's Reply Memorandum had these topic headings:

I. State Farm Has Failed to Produce Documents Because They Were Destroyed
II. State Farm Had an Obligation to Keep the Documents it Had Created
III. Documents Related to Development of Form FE-7786 Are Clearly Relevant to Plaintiff's Action, and Plaintiff Has Been Prejudiced by Their Destruction

2

The attached proposed Order states as follows:

> "IT IS HEREBY ORDERED that an evidentiary hearing will be held on _______________, 2002, before the Honorable Judge Richard H. Kyle, in Courtroom ___, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota, to determine whether documentary evidence was

Upon the record before the Court, no basis for the holding of an evidentiary hearing has been established.

J.M.M.

---

destroyed by Defendant State Farm Fire & Casualty Company related to the above-captioned matter, and to determine appropriate sanctions for any spoliation of evidence.

IT IS FURTHER ORDERED that James R. Orsulak shall give oral testimony at this evidentiary hearing.

IT IS FURTHER ORDERED that, at least 14 days before the date of the evidentiary hearing, Defendant State Farm Fire & Casualty Company shall produce to the Court and to Plaintiff a complete copy of any written document retention and/or destruction policy to which documents created in the development and implementation of policy endorsement form FE-7786 were subject. By the same date, Defendant shall also produce to the Court and to Plaintiff any written order to destroy such documents and any written log, memorialization or certification of destruction of such documents.

IT IS FURTHER ORDERED that, at least 14 days before the date of the evidentiary hearing, Defendant State Farm Fire & Casualty Company shall produce to the Court and to Plaintiff a complete identification of all litigation between August 15, 1993 and the present in which State Farm was a party where the litigation involved application or interpretation provisions 9(b), 9(c) and 9(d) in the definition of 'personal injury' in personal liability umbrella policy form FE-7950.1"