# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BMB,

Plaintiff,

Civil No. 01-355 (RHK/AJB)

vs.

**ORDER**

State Farm Fire and Casualty Company,

Defendant.

Defendant seeks (a) "clarification" of this Court's September 30, 2002 Memorandum Opinion and Order and (b) reconsideration of the determination of the application of Wicka to the facts of the instant case. Both requests are **DENIED**.[1]

Dated: October 16, 2002

RICHARD H. KYLE
United States District Judge

[1]The letter request and opposition thereto are attached.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

MURNANE • CONLIN • WHITE & BRANDT

Professional Association

ATTORNEYS AT LAW

Robert W. Murnane
John E. Brandt*
Steven J. Kirsch
Andrew T. Shern
Michael S. Ryan*
C. Todd Koebele
Michael P. Tierney
Daniel A. Haws*
William L. Moran
Thomas A. Gilligan, Jr.*
Daniel J. Young
Thomas J. Norby
Peter B. Tiede*
Mark S. Brown*
Stacy E. Cudd*
Louise Toscano Seeba**
Katherine E. Becker
Michelle D. Christensen***
Carol L. Casey
David H. Grounds
Anissa M. Mediger
Cheryl L. Hanson*
Ricardo Figueroa
Edward E. Beckmann*

* Also admitted in Wisconsin
**Also admitted in California
***Also admitted in Missouri

Thomas M. Conlin* (Of Counsel)
John D. Hirte (Of Counsel)
Robert T. White (Retired)

E. Willard Murnane (1907-1976)
Charles R. Murnane (1913-1982)

**St. Paul Office**
1800 U.S. Bancorp
Piper Jaffray Plaza
444 Cedar Street
Saint Paul, MN 55101
Phone: (651) 227-9411
Fax: (651) 223-5199

**Wisconsin Office**
539 South Knowles Avenue
New Richmond, WI 54017
Phone: (715) 246-3910

www.murnane.com

RECEIVED
OCT 04 2002
U.S. DISTRICT COURT
R.H.K.

October 4, 2002

***Reply To St. Paul***

**HAND DELIVERED TO CHAMBERS BY MESSENGER**

THE HONORABLE RICHARD H. KYLE
UNITED STATES DISTRICT COURT
764 FEDERAL BUILDING
316 NORTH ROBERT STREET
ST. PAUL, MN 55101

Re: BMB vs. State Farm Fire and Casualty Company
Court File No. 01-355 RHK/AJB

Dear Judge Kyle:

We are in receipt of the Court's Order and Memorandum in the above matter. Pursuant to F.R.C.P. 60 and Local Rule 7.1(g), we are writing to request clarification of the Court's Order regarding the scope of the issue(s) remaining for trial and/or for permission to bring a motion for reconsideration of the Court's Order.

Based on our review of your Order, it is our understanding that the only issue remaining for trial is the Wicka issue. In other words, if the jury finds that Halliday could control his actions despite his alleged pedophilic disorder, the intentional act exclusion in the policy will apply. Conversely, if the finder of fact determines that he could not control his actions due to his alleged mental illness, coverage would be afforded to Halliday under the State Farm Umbrella Policy.

**Claims Not Addressed In Order**. In its moving papers, State Farm requested dismissal of all of the claims pled against State Farm. Specifically, State Farm requested the dismissal of various claims that were not addressed in the Court's Order, including (a) Plaintiff's "bad faith" claim (pp. 2, 31-32 of State Farm's Memorandum), (b) Plaintiff's claim for damages awarded to Halliday's daughters (Id. at p. 32-33), and (c) Plaintiff's claim for punitive damages (Id. at p. 34-35). In addition, State Farm moved for summary judgment on the separate and independent policy exclusion for "willful and malicious acts." These claims involve purely legal issues for the Court.

**Bad Faith**. The law in Minnesota is clear that there is no first-party cause of action for "bad faith" or extra-contractual damages. Haagenson v. National Farmers Union Property and Casualty Company, 277 N.W.2d 648, (Minn. 1979). A party is not entitled to recover tort damages for breach of contract, absent an "exceptional case where the breach of contract constitutes or is accompanied by an intentional tort." See Wild v. Rarig, 234 N.W.2d 775 (1975). There is no evidence in the record to support any such claim in this case.

**Halliday's daughters' damage claim**. Plaintiff's claim for damages awarded to Halliday's daughters in the underlying litigation must also be dismissed for the following reasons: (1) neither Bonny Halliday nor Halliday's daughters are parties to this action; (2) the daughters would not have a viable direct claim against State Farm because they were, at the time of the abuse, "resident relatives" and, therefore, excluded by the terms of the policy; (3) Plaintiff does not have an assignment from Bonny Halliday allowing her to collect damages awarded to Halliday's daughters.

Moreover, the Honorable John Mason previously expressed "skepticism" about this claim. See State Farm's Memo., p. 33. If she proves her claim, Plaintiff would be entitled to compensatory damages awarded to her in the underlying action.

**Punitive Damages**. Minnesota law and public policy clearly prohibit a person from insuring against acts "serious enough to warrant punitive damages" or the recovery of punitive damages from an insurer. See State Fund Mut.Ins.Co. v. Enebo, 458 N.W.2d 161, 163 (Minn.Ct.App. 1990)(citations omitted); see also Casperson v. Webber, 298 Minn. 93, 213 N.W.2d 327 (Minn. 1973)(no coverage for punitive damages because they were awarded as punishment and not because of bodily injury); U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 490 (8th Cir. 1990), reh'g denied (Jan. 7, 1991), citing U.S. Fire Ins.Co. v. Goodyear Tire & Rubber Co., 726 F.Supp. 740, 742 (D. Minn. 1989). The punitive damages are recoverable only from Halliday, and Plaintiff's claim against State Farm must be dismissed.

We, therefore, request that the Court clarify its Order by granting State Farm's motion *in part* as to the dismissal of Plaintiff's claims of bad faith, for punitive damages, and for damages awarded to Halliday's daughters.

**Policy Exclusion for Willful and Malicious Acts**. We note that, while the Court does discuss the "intentional acts" exclusion in the policy, the Order does not address the separate and independent policy exclusion for "willful and malicious acts." The application of this exclusion was addressed in State Farm's motion (State Farm's Memorandum, Section C., pp. 26-28)

Halliday has unequivocally and undisputedly testified that his sexual abuse was malicious (Exh 29, at p. 85) and that he acted with willful indifference to BMB (Exh 13, p. 19). He pled guilty to sexual abuse of at least two girls. BMB, as his assignee, is bound by these admissions. These undisputed facts lead to only one conclusion: the willful and malicious act exclusion precludes coverage for Halliday's acts of sexual abuse. Therefore, we request that the Court clarify or amend its Order concerning the application of this policy provision.

**Wicka Issue**. State Farm also requests that the Court reconsider its finding that Wicka applies in this case in light of Halliday's prior admissions, his guilty pleas, and the recent Minnesota Court of Appeals decision, Illinois Farmers Ins. Co. v. Reed, 647 N.W.2d 553 (Minn.Ct.App. 2002)(copy enclosed) where a criminal conviction operated as collateral estoppel in subsequent civil litigation. This case was decided after the briefing was complete for the parties' summary judgment motions.

If the Court feels that any of the above issues should be briefed by the parties, State Farm requests permission to bring a motion for reconsideration pursuant to Local Rule 7.1(g).

Yours very truly,

Todd Koebele

C. Todd Koebele by [signature]

CTK/mc/522761/Enclosure

cc: Robert Hennessey

LINDQUIST & VENNUM P.L.L.P.

4200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-2274
TELEPHONE: 612-371-3211
FAX: 612-371-3207

IN ST. PAUL:
444 CEDAR STREET, SUITE 1700
ST. PAUL, MN 55101-3157
TELEPHONE: 651-312-1300
FAX: 651-223-5332

IN DENVER:
600 17TH STREET, SUITE 1800 SOUTH
DENVER, COLORADO 80202-5441
TELEPHONE: 303-573-5900
FAX: 303-573-1956

ATTORNEYS AT LAW

www.lindquist.com

ROBERT J. HENNESSEY
612-371-3221
rhennessey@lindquist.com

RECEIVED
OCT 11 2002
U.S. DISTRICT COURT
R.H.K.

October 10, 2002

The Honorable Richard H. Kyle
United States District Court
764 Federal Building
316 North Robert Street
St. Paul, MN 55101

Re: BMB v. State Farm Fire & Casualty Company
Court File No. 01-355 RHK/AJB

Dear Judge Kyle:

This letter is submitted pursuant to Local Rule 7.1(g) in response to Defendant State Farm's October 4, 2002 request for leave to file a motion for reconsideration of the Court's Order and Memorandum denying the parties' cross-motions for summary judgment. Rather than cite "compelling circumstances" that would warrant reconsideration, State Farm simply re-argues its motion and purports to seek "clarification . . . regarding the scope of the issue(s) remaining for trial." Plaintiff respectfully requests that the Court deny State Farm permission to file a motion for reconsideration so that the parties can prepare for pre-trial and trial in accordance with the Court's orders.

State Farm complains that the Court did not address all of the "claims pled against State Farm." This is inaccurate. The Court addressed the only claim pled by the plaintiff against State Farm—breach of the insurance contract. What the Court directed was the matter proceed to trial on the issues of mental illness under Wicka. As the Court's Order indicates, three examining psychiatrists have agreed on the diagnosis of nearly all of mental illnesses. Dr. Thomas Gratzer, plaintiff's expert, Dr. George B. Palermo, State Farm's expert, and Dr. Gene G. Abel, Northwestern Mutual Life Insurance Company's expert in the prior litigation before Judge Allsop, all agree on the psychiatric diagnosis of paraphilias. See, Zitzewitz Affidavit filed in the Summary Judgment Motion. Under the standards of Wicka, the jury will determine the existence of and effect of these mental illnesses and, therefore, the coverage of the insurance contract. If coverage is determined, the jury will then have to determine the measure of damages for breach of that contract.

The exact amount of damages will be determined based on the factual record created at trial. Under Minnesota law, those damages include all damages that are the natural and proximate result of State Farm's breach of the policy. Olson v. Rugloski, 277 N.W.2d 385, 388 (Minn. 1979); see also An Insurer's Failure to Perform Without Legal Justification: Consequential Damages, Hennepin County Lawyer, Vol. 71, No. 3 (March 2002) (attached as

Exhibit K to the Affidavit of Mark H. Zitzewitz). As to the consequential damages, testimony will be submitted from lay witnesses and expert witness Robert Kettering. See, Kettering and McManus Affidavits filed in the summary judgment proceeding. State Farm's pre-trial attempt to limit its liability to what it would have had to pay if it actually had performed its contractual obligation, rather than what it must pay under Minnesota law for its breach of that obligation, continues to be without merit. This matter will be fully developed at trial and damages determined on that record.

Ronald Halliday assigned his entire claim against State Farm to plaintiff. There is no basis in Minnesota law to deny BMB, as assignee, the right to collect all damages that were the foreseeable result of State Farm's breach. That Bonny Halliday and Halliday's daughters are not parties here and did not assign any rights to BMB is of absolutely no consequence.

State Farm also complains that the Court did not discuss State Farm's defense under the "willful and malicious acts" exclusion. As BMB pointed out in her brief in opposition to State Farm's motion for summary judgment, there is no reason—in Minnesota law or the policy language—to analyze any differently the applicability of the willfull and malicious acts exclusion under Wicka than the applicability of the intentional act exclusion discussed at length by the Court. The same question of fact that bars summary judgment under the intentional act exclusion bars summary judgment under the willful and malicious acts exclusion.

Finally, State Farm contends that Halliday's admissions in his guilty plea to charges of molesting his daughters (although not to molesting BMB) have collateral estoppel effect under Illinois Farmers Ins. Co. v. Reed, 647 N.W.2d 553 (Minn. Ct. App. 2002). However, Reed actually stands for the opposite position—that taken by BMB. Relying on Glens Falls Group Ins. Corp. v. Hoium, 200 N.W.2d 189 (1972), as did BMB here and in the Northwestern Mutual Life action, the Reed court explicitly held that a judgment of conviction based on a guilty plea, as opposed to conviction by a trier of fact after actual litigation, does not have collateral estoppel effect. Reed, 647 N.W.2d at 559; see also BLH v. The Northwestern Mut. Life Ins. Co., 92 F. Supp.2d 910 (D. Minn. 2000). If Halliday's statements are anything, they are evidence creating an issue of fact for the jury.

Nothing in State Farm's October 4, 2002 letter shows "compelling circumstances" that would warrant reconsideration of the Court's Order. State Farm is merely restating arguments that the Court did not find persuasive. Therefore, plaintiff respectfully requests that the Court deny permission to seek reconsideration.

Respectfully submitted,
LINDQUIST & VENNUM, P.L.L.P.

Robert J. Hennessey

cc: C. Todd Koebele, Esq.

Doc# 1692214\1